IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID RICHARD ALLRED,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 1:14-CR-00022<br><br>Judge Clark Waddoups |

　　　　Before the court is Defendant David Richard Allred's motion for early termination of supervised release. (ECF No. 43.) On September 3, 2015, Mr. Allred pleaded guilty to one count of possession of child pornography and was sentenced to 120 months in Bureau of Prisons ("BOP") custody, to be followed by a lifetime of supervised release. (*See* Minute Entries, ECF Nos. 30, 33; Judgment, ECF No. 34.) Mr. Allred was released from BOP custody on December 20, 2021. Mr. Allred has, therefore, been on supervised release for approximately 33 months.

　　　　The court has discretion to terminate a term of supervised release, after considered specified factors set forth in 18 U.S.C. § 3553(a)[1] if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). Mr. Allred argues that early termination of his supervised release is appropriate because he is also currently under supervision by Utah authorities, and it would be inefficient for him to continue to be

---

[1] Specifically, the court is directed to consider factors set forth in Section 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e)(1).

supervised by multiple jurisdictions. Mr. Allred also contends that his completion of outpatient treatment and the fact that he has maintained stable employment since being released support early termination in this instance.

A supervisory report from Mr. Allred's probation officer confirms that Mr. Allred successfully completed outpatient treatment on April 11, 2024, has maintained consistent employment since May 2021, and has not violated the terms of his supervised release since it began. The report also discloses, however, that Mr. Allred's interactions with his probation officer have been emotionally charged and that Mr. Allred has been resistant to encouragements to seek further mental health treatment. According to the report, Mr. Allred's supervision by Utah authorities is set to terminate on December 19, 2024. The probation office does not take a position on whether Mr. Allred's request for early termination should be granted.

The government objects to granting early termination of Mr. Allred's supervised release. (ECF No. 45.) It acknowledges that dual supervision of Mr. Allred creates a potential for inefficiencies and a resource drain but contends that the court accounted for this when it sentenced Mr. Allred to lifetime supervision and argues that the United States Probation Office has more resources to supervise Mr. Allred than its state counterparts.

The government also argues that early termination is not supported by the relevant Section 3553(a) factors given the nature of his crime, Mr. Allred's history as a repeat offender, and the need to avoid sentencing disparities among similarly situated defendants. It notes that the offense at issue in this case was committed while Mr. Allred was on probation for a prior state offense for possession of child pornography.

Having considered the relevant factors set forth in Section 3553(a), the court concludes that early termination of supervised release is not appropriate at this time. The court commends Mr. Allred on his conduct while on supervised release and his participation in outpatient treatment. While the court has concerns, as it has previously expressed, about the inefficiency of Mr. Allred's dual supervision, it agrees that additional resources available to the United States Probation Office will likely allow it to provide more effective supervision than its state counterpart. Moreover, it appears that Mr. Allred's state supervision is likely to terminate before the end of this year. The seriousness of Mr. Allred's crimes and his history as a repeat offender also support continuing Mr. Allred's current supervision status.

Accordingly, after taking all relevant § 3553(a) factors into consideration, and for the reasons stated herein, the court denies Mr. Allred's motion for early termination of supervised release. (ECF No. 43.)

DATED this 12th day of September, 2024.

BY THE COURT:

Clark Waddoups
United States District Court